UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
: 
In re: :
: Chapter 11
TRICOM, S.A., <u>et al.</u>, :
: Case No. 08-10720 (REG)
:
: Jointly Administered
:
Debtors. :
:
------------------------------------------------------------------x

**ORDER GRANTING MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR ENTRY OF AN ORDER (A) AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM; (B) AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS PENDING CONFIRMATION OF THE DEBTORS' PLAN OF REORGANIZATION; (C) AUTHORIZING CONTINUED USE OF EXISTING BUSINESS FORMS; AND (D) EXTENDING THE TIME FOR THE DEBTORS TO COMPLY WITH THE REQUIREMENTS OF SECTION 345 OF THE BANKRUPTCY CODE PENDING CONFIRMATION OF THE DEBTORS'
<u>PLAN OF REORGANIZATION</u>**

THIS MATTER having come before the Court upon the motion (the "Motion"), dated March 2, 2008, of Tricom, S.A., TCN Dominicana, S.A., Tricom USA, Inc., as debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors"), for entry of an order: authorizing the Debtors' (a) continued use of their existing cash management system; (b) maintenance of existing bank accounts pending confirmation of the Plan;[1] (c) continued use of existing business forms; and (d) extension of the time to comply with the requirements of section 345 of the Bankruptcy Code pending confirmation of the Plan (the "Motion"); and the Bresler Affidavit in support thereof; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. §

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

ny-800552

157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

~~ORDERED, that the Motion is granted; and it is further~~

ORDERED, that the Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, to: (a) designate, maintain and continue to use, with the same account numbers, all of their respective depository, concentration, disbursement and other bank accounts in existence on the Petition Date, including, without limitation, those accounts identified on Exhibit B to the Motion (collectively, the "Accounts") for a period of 75 days from the Petition Date; provided, however, that if the Plan is confirmed within that time period, the requirements shall be permanently waived; and; provided, further, that such extension of time shall be without prejudice to the Debtors' right to request further extensions; (b) use, in their present form, all correspondence and business forms (including, but not limited to, letterhead, purchase orders, invoices, etc.), as well as checks existing immediately before the Petition Date, without reference to their status as debtors in possession, and other documents related to the Bank Accounts; and (c) treat the Accounts for all purposes as accounts of the Debtors as debtors in possession; and it is further

ORDERED, that the Debtors are authorized to continue utilizing their integrated Cash Management System to manage their cash, to pay intercompany payables and to extend intercompany credit and to pay any fees, costs and expenses owed to their Banks that arise in the

ordinary course of business, in a manner consistent with the Debtors' prepetition practices; and it is further

ORDERED, that, except as otherwise expressly provided in this Order, all Banks at which the Bank Accounts are maintained are authorized and directed to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires, or automated clearing house transfers (the "ACH Payments") issued and drawn on the Accounts after the Petition Date by the holders or makers thereof, as the case may be, and are authorized to debit the Accounts in the ordinary course for any returned items or other obligations arising in connection with the provision of cash management or treasury services to the Debtors, regardless of whether such returned items or obligations arose prior to or after the Petition Date; and it is further

ORDERED, that the Banks are prohibited from honoring any check, draft, wire or ACH Payment presented, issued, or drawn on the Bank Accounts which is dated prior to the Petition Date; except that (a) the Banks are authorized and directed to honor checks, drafts, wires or ACH Payments that constitute a payment of a claim (as such term is defined in section § 101(5) of the Bankruptcy Code) arising before the Petition Date that: (i) has been authorized and provided for in an order this Court; (ii) is not otherwise prohibited by a "stop payment" request received by the Banks from the Debtors; (iii) is directed to be paid by the Debtors; (iv) is supported by sufficient funds in the relevant Account; and (v) any final payment made by a Bank prior to the Petition Date against any of the Accounts, or any instrument issued by a Bank on behalf of any Debtor pursuant to a "midnight deadline" or otherwise, shall be deemed to be paid prepetition, whether or not debited from the Bank Accounts prepetition; and it is further

ORDERED, that, subject to the provisions of this Order, the Banks are authorized and directed to accept, honor and rely upon all representations from the Debtors as to which checks should be honored or dishonored consistent with orders entered by this Court, whether the checks are dated prior to, on or subsequent to the Petition Date and whether or not the Bank believes that payment is authorized by some other order of this Court; provided, that the Banks shall not be held liable for improperly honoring or dishonoring any check, draft or ACH Payment presented, issued or drawn on the Accounts on account of a claim (as such term is defined in section 101(5) of the Bankruptcy Code) arising before the Petition Date, which, at the direction of the Debtors was requested to be honored or dishonored, as the case may be, unless the Banks' actions were grossly negligent; and it is further

ORDERED, that nothing contained herein shall prevent the Debtors from opening any new bank accounts or closing any existing bank accounts as they may deem necessary and appropriate in their sole discretion, and the Banks are authorized and directed to honor the Debtors' requests to close any of the Accounts and/or to open or close accounts other than the Accounts; provided, however, the Debtors shall provide written notice to the UST within five (5) days of opening or closing any such bank accounts; and it is further

ORDERED, that, for all purposes in this Order, any and all accounts opened by the Debtors on or after the Petition Date at any Bank shall be deemed an Account (as if it had been opened prior to the Petition Date and listed on Exhibit B to the Motion) and any and all Banks at which such accounts are opened shall similarly be subject to the rights and obligations of this Order; and it is further

ORDERED, that the Debtors may disburse funds by debit, check, wire, or ACH Payments and other means; and it is further

ORDERED, that the Debtors have shown and proven "cause" for waiving the investment and deposit requirements imposed under section 345 of the Bankruptcy Code for a period of time not to exceed 75 days following the Petition Date; <u>provided</u>, <u>however</u>, that if the Plan is confirmed within that time period, the investment and deposit requirements imposed under section 345 of the Bankruptcy Code shall be permanently waived; and; <u>provided</u>, <u>further</u>, that such extension of time shall be without prejudice to the Debtors' right to request further extensions; and it is further

ORDERED, that, subject to the limitations of the immediately preceding paragraph, the Debtors are authorized, but not directed, to invest and deposit funds in accordance with their prepetition practices, notwithstanding that this practice may not strictly comply with the requirements of section 345 of the Bankruptcy Code; and it is further

ORDERED, that the Debtors are hereby relieved from the obligation under section 345(b) of the Bankruptcy Code of obtaining a bond from the entities with which the Debtors deposit or invest money for a period of time not to exceed 75 days following the Petition Date; provided, however, that if the Plan is confirmed within that time period, the requirement shall be permanently waived; and; provided, further, that such extension of time shall be without prejudice to the Debtors' right to request further extensions; and it is further

ORDERED, that the Debtors shall continue to maintain records with respect to transfers of cash in a manner consistent with historical practices, so that transactions can be ascertained, traced, and recorded properly on all intercompany accounts; and it is further

ORDERED, that the Debtors are authorized to, but not directed to, cause a copy of this Order to be served on all of the Banks at which any Account is maintained within five (5) business days of the date hereof; and it is further

ORDERED, that any requirements to establish separate accounts for tax payments are waived for a period of time not to exceed 75 days following the Petition Date; provided, however, that if the Plan is confirmed within that time period, the requirement shall be permanently waived; and; provided, further, that such extension of time shall be without prejudice to the Debtors' right to request further extensions; and it is further

ORDERED, that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that the requirement set forth in Rule 9013-(b) of the Local Bankruptcy Rules for the Southern District of New York that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived; and it is further

ORDERED, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March *4*, 2008
       New York, New York

                                         *S/ Stuart M. Bernstein*
                                         CHIEF UNITED STATES BANKRUPTCY JUDGE